IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMONA LOVATO and EMERY LOVATO,

Plaintiffs,

v. Case No. 1:26-cv-03133-JMR-LF

PROGRESSIVE DIRECT INSURANCE COMPANY
and JEFF GOW,

Defendants.

**ORDER TO FILE RULE 7.1 DISCLOSURE**

THIS MATTER is before the Court sua sponte. On September 21, 2026, Defendants National Specialty Insurance Company and Jeff Gow removed this case from the First Judicial District Court, County of Rio Arriba, State of New Mexico based on diversity jurisdiction. Doc. 1. The Court has an independent obligation to address its own subject-matter jurisdiction. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

To properly allege diversity jurisdiction, parties must be "citizens of different States." 28 U.S.C. § 1332(a)(1). A person is a citizen of the state in which they are domiciled. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). While a person's "place of residence is *prima facie* the domicile," *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity," *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). A person's domicile is the state where the person physically resides and intends to remain indefinitely. *Middleton*, 749 F.3d at 1200; *see also Mississippi Band of Choctaw*

*Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

The Federal Rules of Civil Procedure require a party in a diversity case to file a disclosure statement as to its own citizenship. FED. R. CIV. P. 7.1(a)(2). Nongovernmental corporations are also required to identify "any parent corporation and any publicly held corporation owning 10% or more of its stock" or state "that there is no such corporation." FED. R. CIV. P. 7.1(a)(1). A party is required to file a Rule 7.1 disclosure statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court[.]" FED. R. CIV. P. 7.1(b)(1).

Both the notice of removal and complaint only state that Plaintiffs are "residents" of New Mexico. Doc. 1 ¶ 4; Doc. 1-2 ¶¶ 1–2. Nothing more is provided to determine Plaintiffs' citizenship. *See Whitelock*, 460 F.2d at 514 (stating that residence may not be equated with citizenship for diversity purposes). Additionally, defendant Progressive Direct Insurance Company has not filed a Rule 7.1 disclosure statement.

IT IS THEREFORE ORDERED that Plaintiffs shall file a Rule 7.1 disclosure statement identifying their citizenship no later than **Wednesday, November 11, 2026**.

IT IS FURTHER ORDERED that Progressive Direct Insurance Company shall file a Rule 7.1 disclosure that identifies any parent corporation and any publicly held corporation owning 10% or more of Progressive Direct Insurance Company's stock or states that there is no such corporation no later than **Wednesday, November 11, 2026**.

Laura Fashing
United States Magistrate Judge